# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JESSE J. BRAY**
**United States Army, Appellant**

ARMY 20100029

Headquarters, U.S. Army Armor Center and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

30 July 2012

--------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------------

KRAUSS, Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of assault consummated by a battery as a lesser-included offense of rape, three separate and additional assaults consummated by a battery, an assault consummated by a battery on a child, child endangerment, and obstructing justice, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2006) [hereinafter UCMJ].[*] The panel sentenced appellant to a bad-conduct discharge, confinement for six months,

---

[*] The panel acquitted appellant of one specification of aggravated sexual contact, two specifications of assault consummated by a battery, one specification of reckless endangerment, and one specification of kidnapping. In addition, separate specifications of assault consummated by a battery and obstructing justice were dismissed.

forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

On 10 November 2011, we issued a decision in this case, affirming the findings of guilty and the sentence.  On 10 July 2012, our superior court reversed our decision as to Charge III, Specifications 2 and 5 (child endangerment and obstructing justice in violation of Article 134, UCMJ), and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilt as to the two Article 134, UCMJ, offenses previously affirmed.  Neither specification contained allegations of terminal elements under Article 134, UCMJ, nor is there anything in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*.  Therefore, we now reverse appellant's convictions for child endangerment and obstructing justice and dismiss the defective specifications which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  Such dismissal is without prejudice.  *See United States v. Saintaude*, 56 M.J. 888, 891 (Army Ct. Crim. App. 2002), *aff'd*, 61 M.J. 175 (2005).

In light of the above, we also reverse the sentence in this case.  A panel of officer and enlisted members sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1 when he faced a maximum punishment of a dishonorable discharge, ten years' confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Absent the convictions here reversed, appellant would have faced a maximum time in confinement of four years.  Such a significant change in the sentencing landscape in a case adjudged by a panel, where the trial counsel emphasized the offenses now reversed as the basis for imposition of a severe punishment, precludes a confident reassessment of the sentence.  Therefore, we will direct a rehearing on sentence for the offenses remaining.

Therefore, on consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012)*,* the findings of guilty of Specifications 2 and 5 of Charge III, and Charge III, are set aside and those specifications are dismissed without prejudice.  The remaining findings of guilty are affirmed.  The sentence is set aside.  A rehearing on the sentence may be ordered by the same or a different convening authority.

BRAY—ARMY 20100029

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

3